Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FEDERICO JUNIOR LACY LACY, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SANPEPPAS JERK CHICKEN EXPRESS, INC., SANPEPPAS JERK CHICKEN EXPRESS INC. II, and JASON OMAR HUSSEY and KHADIJAH KING, as individuals,

Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **FEDERICO JUNIOR LACY LACY**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **SANPEPPAS JERK CHICKEN EXPRESS, INC., SANPEPPAS JERK CHICKEN EXPRESS INC. II, and JASON OMAR HUSSEY and KHADIJAH KING, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **SANPEPPAS JERK CHICKEN EXPRESS, INC.**, located at 689 Utica Ave, Brooklyn, NY 11203 and **SANPEPPAS JERK CHICKEN EXPRESS INC. II** located at 8021 Flatlands Ave, Brooklyn, NY 11236.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

***The Plaintiff***

7. Plaintiff FEDERICO JUNIOR LACY LACY residing in Hollis, New York was employed by Defendants from in or around August 2020 until in or around June 2026.

***The Corporate Defendants***

**SANPEPPAS JERK CHICKEN EXPRESS, INC.**

8. Defendant, SANPEPPAS JERK CHICKEN EXPRESS, INC. is a New York domestic business corporation under the laws of New York with a principal executive office and service of process address at 689 Utica Ave, Brooklyn, NY 11203.
9. Defendant, SANPEPPAS JERK CHICKEN EXPRESS, INC. owned, operated, and/or conducted business at 689 Utica Ave, Brooklyn, NY 11203.
10. At all relevant times hereto, Defendant SANPEPPAS JERK CHICKEN EXPRESS, INC., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the

performance of his duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant SANPEPPAS JERK CHICKEN EXPRESS, INC. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**SANPEPPAS JERK CHICKEN EXPRESS INC. II**

12. Defendant, SANPEPPAS JERK CHICKEN EXPRESS, INC. II is a New York domestic business corporation under the laws of New York with a principal executive office and service of process address at 8021 Flatlands Avenue, Brooklyn, NY 11236.
13. Defendant, SANPEPPAS JERK CHICKEN EXPRESS, INC. II owned, operated, and/or conducted business at 8021 Flatlands Avenue, Brooklyn, NY 11236.
14. At all relevant times hereto, Defendant ANPEPPAS JERK CHICKEN EXPRESS, INC. II, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.
15. Accordingly, at all relevant times hereto, Defendant SANPEPPAS JERK CHICKEN EXPRESS, INC. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

16. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.
17. During all relevant times hereto, Corporate Defendants acted as a single employer in general and a joint employer with respect to Plaintiff.
18. During all relevant times hereto, Corporate Defendants treated and/or held out the Plaintiff as employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.

19. Upon information and belief, Defendants SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II served as the managing agents and payroll providers for Defendants SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, jointly controlling payroll processing, scheduling, and supervision of Plaintiff's work.
20. Upon information and belief, Plaintiff understood himself as being employee of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
21. Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, who performed the same type of work at each location, and Corporate Defendants were jointly responsible for supervising the work performed by the same employees, including Plaintiff, at this job site.
22. Defendants were jointly responsible for issuing Plaintiff their wages and setting Plaintiff's work schedules and hours.
23. Defendants were jointly responsible for hiring Plaintiff, setting their rate of pay for Plaintiff, and paying Plaintiff his wages.
24. Defendants were jointly responsible for maintaining all employment records.
25. The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.
26. Accordingly, at all relevant times hereto, Defendants SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.
27. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and

material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**JASON OMAR HUSSEY**

28. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY owns, operates and/or controls SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
29. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY is an agent of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
30. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY is responsible for overseeing the daily operations of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
31. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY has power and authority over all the final personnel decisions at SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
32. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY has power and authority over all final payroll decisions of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including the Plaintiff.
33. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY has the exclusive final power to hire the employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including the Plaintiff.
34. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY has exclusive final power over the firing and terminating of the employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including Plaintiff.

35. Upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY is responsible for determining, establishing, and paying the wages of all employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.
36. Accordingly, upon information and belief, at all relevant times hereto, Defendant JASON OMAR HUSSEY was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**KHADIJAH KING**

37. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING is a manager, supervisor and agent at SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
38. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING was Plaintiff's supervisor and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.
39. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING is responsible for overseeing the daily operations of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
40. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING has power and authority over all the final personnel decisions at SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II.
41. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING had power and authority over all final payroll decisions of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including the Plaintiff.
42. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING has the exclusive final power to hire the employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including the Plaintiff.

43. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING had exclusive final power over the firing and terminating of the employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including Plaintiff.
44. Upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING was responsible for determining, establishing, and paying the wages of all employees of SANPEPPAS JERK CHICKEN EXPRESS, INC. and SANPEPPAS JERK CHICKEN EXPRESS INC. II, including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.
45. Accordingly, upon information and belief, at all relevant times hereto, Defendant KHADIJAH KING was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

46. Plaintiff FEDERICO JUNIOR LACY LACY was employed by Defendants as a dishwasher and kitchen worker, while performing related miscellaneous duties for the Defendants from in or around August 2020 until in or around June 2026.
47. Plaintiff regularly worked for Defendants at two locations: SANPEPPAS JERK CHICKEN EXPRESS, INC., located at 689 Utica Ave, Brooklyn, NY 11203 and SANPEPPAS JERK CHICKEN EXPRESS INC. II located at 8021 Flatlands Ave, Brooklyn, NY 11236.
48. Plaintiff would perform work at each location as directed by Defendants.
49. Plaintiff FEDERICO JUNIOR LACY LACY regularly worked approximately five (5) days from August 2020 until in or around December 2025 and four (4) days from January 2026 until in or around June 2026.
50. Plaintiff FEDERICO JUNIOR LACY LACY regularly worked approximately:
    i. Eleven (11) hours per day from in or around August 2020 until in or around December 2022;
    ii. Nine (9) to ten (10) hours per day from in or around January 2023 until in or around December 2025; and

iii. Eight (8) hours per day from in or around January 2026 until in or around June 2026.

51. Thus, FEDERICO JUNIOR LACY LACY worked a regular schedule of approximately:

    i. Fifty-five (55) hours per week from in or around August 2020 until in or around December 2022;

    ii. Forty-five (45) to fifty (50) hours per week from in or around January 2023 until in or around December 2025; and

    iii. Thirty-two (32) hours per week from in or around January 2026 until in or around June 2026.

52. Plaintiff FEDERICO JUNIOR LACY LACY was paid by Defendants flat hourly rates of approximately:

    i. $15.00 per hour in or around August 2020 until in or around December 2023;

    ii. $16.50 per hour in or around January 2024 until in or around June 2026.

53. Plaintiff was paid by check.

54. Although Plaintiff FEDERICO JUNIOR LACY LACY worked approximately fifty-five (55) hours per week from in or around August 2020 until in or around December 2022, and forty-five (45) to fifty (50) hours per week from in or around January 2023 until in or around December 2025, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Additionally, Defendants failed to pay Plaintiff FEDERICO JUNIOR LACY LACY the legally prescribed minimum wage for all his hours worked from January 2026 until in or around June 2026, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

56. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

57. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

58. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

59. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

60. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

61. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

63. Collective Class: All persons who are or have been employed by the Defendants as dishwashers and kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

64. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.
65. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
66. Defendants' unlawful conduct has been widespread, repeated, and consistent.
67. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
68. Defendants' conduct as set forth in this Complaint was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
69. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
70. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
71. The claims of Plaintiff are typical of the claims of the putative class.
72. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
73. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
75. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

76. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
77. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
78. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
79. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
80. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
82. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
83. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
84. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**

**Minimum Wages Under New York Labor Law**

85. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

86. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

87. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

88. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

89. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

90. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

91. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FOURTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

95. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
96. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
97. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff's unpaid minimum wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 20, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FEDERICO JUNIOR LACY LACY, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SANPEPPAS JERK CHICKEN EXPRESS, INC., SANPEPPAS JERK CHICKEN EXPRESS INC. II, and JASON OMAR HUSSEY and KHADIJAH KING, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Via Secretary of State:*
**SANPEPPAS JERK CHICKEN EXPRESS, INC. (DOS ID 5014576)**
689 Utica Ave, Brooklyn, NY 11203
**SANPEPPAS JERK CHICKEN EXPRESS, INC. II (DOS ID 5397032)**
8021 Flatlands Ave, Brooklyn, NY 11236

*Via Personal Service:*
**SANPEPPAS JERK CHICKEN EXPRESS, INC.**
689 Utica Ave, Brooklyn, NY 11203
**SANPEPPAS JERK CHICKEN EXPRESS, INC. II**
8021 Flatlands Ave, Brooklyn, NY 11236

**JASON OMAR HUSSEY**
689 Utica Ave, Brooklyn, NY 11203
287 Hungry Harbor Rd, Valley Stream, NY 11581
**KHADIJAH KING**
689 Utica Ave, Brooklyn, NY 11203
1250 E 89 St, Brooklyn, NY 11236